Lawrence A. JACKSON, Petitioner–
Appellant,

v.

Aristedes ZAVARAS, Executive Director,
and Warden, Arkansas Valley Correc-
tional Facility, Respondents–Appellees.

No. 97SA265.

Supreme Court of Colorado,
En Banc.

Aug. 31, 1998.

Lawrence A. Jackson, Pro Se, Denver.

No Appearance By or on Behalf of Re-
spondents–Appellees.

Chief Justice MULLARKEY delivered the
Opinion of the Court.

The petitioner-appellant, Lawrence A.
Jackson, filed a petition for writ of habeas
corpus in the Fremont County District Court
alleging that the time he had already served
on his two sentences, taken together with his

earned time, exceeded the maximum amount
of time allowed by law to be served on his
sentences, and that he was entitled to imme-
diate release from the custody of the Depart-
ment of Corrections (DOC). The district
court denied the petition without holding a
hearing, holding that because Jackson's con-
victions both involved sexual assault on a
child, he is only *eligible* for parole at this
time since parole is discretionary. *See Jack-
son v. Zavaras*, No. 97CV43 (Fremont Coun-
ty Dist. Ct. Apr. 8, 1997). We affirm the
judgment of the district court.

I

On September 13, 1988, Jackson pleaded
guilty to attempted sexual assault on a child,
*see* § 18–2–201, 8B C.R.S. (1986); § 18–3–405,
8B C.R.S. (1986), and was sentenced to four
years imprisonment in the DOC. Subsequent-
ly, on January 17, 1991, Jackson pleaded
guilty to sexual assault on a child, *see* § 18–3–
405, 8B C.R.S. (1986), a class 3 felony, and
was sentenced to seven years in the DOC,
"to be served consecutively to any sentence
now being served." According to Jackson's
petition, the offense for which he was sen-
tenced in 1988 occurred in 1981, and the one
for which he was sentenced in 1991 occurred
in 1984.

In *Thiret v. Kautzky*, 792 P.2d 801 (Colo.
1990), we examined three different statutory
schemes for parole that applied depending on
the date the offense was committed:

[I]n Colorado, with respect to the statutory
scheme governing parole, we have three
general classes of persons now serving
sentences in our prisons:

1. Those serving sentences for crimes
committed prior to July 1, 1979.

2. Those serving sentences for crimes
committed on or after July 1, 1979 but
before July 1, 1985.

3. Those serving sentences for crimes
committed on or after July 1, 1985.

792 P.2d at 805. We noted that:

Upon accruing sufficient credits to be-
come eligible for parole, persons fitting
under the first and third categories may be
granted or denied parole at the discretion
of the Parole Board. Good time and

earned time credits earned by an inmate towards his release, for persons coming under these categories, merely establish the date of parole eligibility. *A person fitting under the second category, however, must be paroled upon reaching the parole date as determined by deducting vested good time and earned time credits from the person's sentence.*

*Id.* (emphasis added). Like Thiret, Jackson fits within the second category because his crimes were committed on or after July 1, 1979 but before July 1, 1985. Therefore, Jackson " is within the mandatory parole group unless the Department can point to a statutory provision excluding him." *Id.*

As was Thiret, however, Jackson was convicted of sexual assault on a child. Section 17–2–201(5)(a), 8A C.R.S. (1986), states in part:

> (5)(a) As to any person sentenced for conviction of a felony committed prior to July 1, 1979, or of a misdemeanor *and as to any person sentenced for conviction of a sex offense, as defined in section 16–13–202(5), C.R.S.,* or a class 1 felony and as to any person sentenced as a habitual criminal pursuant to section 16–13–101, C.R.S., *the board has the sole power to grant or refuse to grant parole and to fix the condition thereof and has full discretion to set the duration of the term of parole granted,* but in no˙ event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court or five years, whichever is less.

(Emphasis added.) In *Thiret,* 792 P.2d at 807, we held that sexual assault on a child is a "sex offense" for purposes of section 17–2–201(5)(a), because it is a "sex offense" as defined in section 16–13–202(5):

> (5) "Sex offense" means sexual assault, except misdemeanor sexual assault in the third degree, as set forth in part 4 of article 3 of title 18, C.R.S.; sexual assault on a child, as defined in section 18–3–405, C.R.S.; aggravated incest, as defined in section 18–6–302, C.R.S.; *and an attempt to commit any of the offenses mentioned in this subsection (5).*

§ 16–13–202(5), 8A C.R.S. (1986) (emphasis added). *Thiret* therefore dispositively rejects Jackson's claim that he is entitled to mandatory parole. *See Aue v. Diesslin,* 798 P.2d 436, 438 (Colo.1990).

II

Since parole is discretionary in this case, Jackson is not entitled to the relief he seeks. Accordingly, we affirm the judgment of the district court denying Jackson's petition for habeas corpus.

KOURLIS, J., does not participate.