**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GERALD L. HICKAM,

              Petitioner - Appellant,

    v.

JAMES JANECKA, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

              Respondents - Appellees.

No. 08-2037
(D. Ct. No. 1:06-CV-01132-JB-RLP)
(D. N. Mex.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Petitioner-Appellant Gerald L. Hickam seeks a certificate of appealability

("COA") to challenge the district court's denial of his petition for habeas relief pursuant

to 28 U.S.C. § 2241.[1]  We DENY a COA and therefore dismiss this appeal.

In 1982, Mr. Hickam was convicted of felony murder in Colorado state court, a

class 1 felony, and sentenced to life in prison.  He was subsequently granted an interstate

transfer to a New Mexico correctional facility.  After 20 years of incarceration, Mr.

---

[1]As the magistrate noted, in earlier proceedings both parties referred to the action
as a § 2254 action, but because it is an attack on the execution of the sentence it is
properly characterized as a proceeding under § 2241.

Hickam first became eligible for and was denied parole in 2001. He was also denied parole again in 2004 and 2007. After exhausting state court remedies, Mr. Hickam filed this § 2241 petition for federal habeas relief in the United States District Court for the District of New Mexico, arguing that his due process rights were violated when the Colorado Parole Board did not sufficiently list the bases for his parole denial. The district court denied the petition and his application for a COA. Mr. Hickam then filed this appeal and renewed motion for a COA.

A petitioner may not appeal the denial of habeas relief under 28 U.S.C. § 2241 unless a COA is granted. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires the petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

Under Colorado law, for crimes committed on or after July 1, 1979 but before July 1, 1985, there is mandatory parole with the exception of a few types of convictions. *See Jackson v. Zavaras*, 963 P.3d 1118, 1118–19 (Colo. 1998). Specifically, for a "class 1 felony" the parole board has "the sole power to grant or refuse to grant parole and to fix the condition thereof and has full discretion to set the duration of the term of parole granted." *See* Colo. Rev. Stat. § 17-2-201(5)(a) (1986); *Jackson*, 963 P.3d at 1119.

Mr. Hickam argues that he has a liberty interest in the expectancy of parole, and that he was denied procedural due process when the board failed to adequately list the evidence relied on and basis for refusing to grant parole. There is generally no constitutional right to release before the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). A state statute may, however, "create a liberty interest when the statute's language and structure sufficiently limits the discretion of a parole board." *Boutwell v. Keating*, 399 F.3d 1203, 1213 (10th Cir. 2005).

While Colorado's parole scheme limits the board's discretion to grant parole for most offenses committed between 1979 and 1985, with respect to class 1 felonies the board has "the sole power to refuse or grant parole." For those offenses the board's discretion is in no way limited. The statute therefore fails to create a liberty interest in the expectancy of parole. Because there is no liberty interest in the parole hearing, we need not address Mr. Hickam's claim that the board did not give sufficient reasons to support its decision.

Reasonable jurists could not debate that Mr. Hickam has failed to present a claim that he was denied procedural due process.  We therefore DENY his application for a COA on this issue.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge